File #122352-01/amd

STATE OF NEW YORK
SUPREME COURT : COUNTY OF CORTLAND
------------------------------------------x
PATRICIA VANORDEN,

                      Plaintiff,

-against-

                                      VERIFIED COMPLAINT

STEVENS TRANSPORT, INC. and THERON
ANTIONNE DAVIS SR.,

                      Defendants.
------------------------------------------x

      Plaintiff, by attorneys, FINKELSTEIN & PARTNERS, LLP as and for the Verified Complaint, herein allege(s) the following:

                    AS AND FOR A FIRST CAUSE OF ACTION ON
                  BEHALF OF PLAINTIFF, PATRICIA VANORDEN

      1. That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Cortland, State of New York.

      2. That at all times hereinafter mentioned, upon information and belief, the defendant, THERON ANTIONNE DAVIS SR., was and still is a resident of the County of Forsyth, State of North Carolina.

      3. That at all times hereinafter mentioned, upon information and belief, the defendant, STEVENS TRANSPORT, INC., was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

4. That at all times hereinafter mentioned, upon information and belief, the defendant, STEVENS TRANSPORT, INC., was and still is a foreign corporation duly incorporated within the State of Texas.

5. That at all times hereinafter mentioned, upon information and belief, the defendant, STEVENS TRANSPORT, INC., was and still is a foreign corporation duly authorized and doing business within the State of New York.

6. That at all times hereinafter mentioned, upon information and belief, the defendant, STEVENS TRANSPORT, INC., was and still is a business entity doing business within the State of New York.

7. That at all times hereinafter mentioned, upon information and belief, the defendant, THERON ANTIONNE DAVIS SR., was the titled owner of a 2017 Kings Highway tractor motor vehicle, bearing License Plate #R476386, for the State of Texas.

8. That at all times hereinafter mentioned, upon information and belief, the defendant, THERON ANTIONNE DAVIS SR., was the registered owner of a 2017 Kings Highway tractor motor vehicle, bearing License Plate #R476386, for the State of Texas.

9. That at all times hereinafter mentioned, upon information and belief, the defendant, THERON ANTIONNE DAVIS SR., was the lessee of a 2017 Kings Highway tractor motor vehicle, bearing License Plate #R476386, for the State of Texas.

10. That at all times hereinafter mentioned, upon information and belief, the defendant, THERON ANTIONNE DAVIS SR., was the lessor of a 2017 Kings Highway tractor motor vehicle, bearing License Plate #R476386, for the State of Texas.

11. That at all times hereinafter mentioned, upon information and belief, the defendant, STEVENS TRANSPORT, INC., was the titled owner of a 2017 Kings Highway tractor motor vehicle, bearing License Plate #R476386, for the State of Texas.

12. That at all times hereinafter mentioned, upon information and belief, the defendant, STEVENS TRANSPORT, INC., was the registered owner of a 2017 Kings Highway tractor motor vehicle, bearing License Plate #R476386, for the State of Texas.

13. That at all times hereinafter mentioned, upon information and belief, the defendant, STEVENS TRANSPORT, INC., was the lessee of a 2017 Kings Highway tractor motor vehicle, bearing License Plate #R476386, for the State of Texas.

14. That at all times hereinafter mentioned, upon information and belief, the defendant, STEVENS TRANSPORT, INC., was the lessor of a 2017 Kings Highway tractor motor vehicle, bearing License Plate #R476386, for the State of Texas.

15. That at all times hereinafter mentioned, upon information and belief, the defendant, THERON ANTIONNE DAVIS SR., was the operator of the aforesaid tractor motor vehicle.

16. That at all times hereinafter mentioned, upon information and belief, the defendant, THERON ANTIONNE DAVIS SR., operated the aforesaid tractor motor vehicle with the express and/or implied permission, consent and knowledge of the defendant owner, STEVENS TRANSPORT, INC.

17. That at all times hereinafter mentioned, upon information and belief, the defendant, THERON ANTIONNE DAVIS SR., was an agent, servant, and/or employee of defendant, STEVENS TRANSPORT, INC.

18. That at all times hereinafter mentioned, upon information and belief, the defendant, THERON ANTIONNE DAVIS SR., operated the aforesaid tractor motor vehicle with the express and/or implied permission, consent and knowledge of the defendant owner, STEVENS TRANSPORT, INC., while in the scope of his employment.

19. That at all times hereinafter mentioned, upon information and belief, the defendant, STEVENS TRANSPORT, INC., was the titled owner of a certain trailer motor vehicle, bearing a certain License Plate #, for a certain State.

20. That at all times hereinafter mentioned, upon information and belief, the defendant, STEVENS TRANSPORT, INC., was the registered owner of a certain trailer motor vehicle, bearing a certain License Plate #, for a certain State.

21. That at all times hereinafter mentioned, upon information and belief, the defendant, STEVENS TRANSPORT, INC., was the lessee of

-4-

a certain trailer motor vehicle, bearing a certain License Plate #, for a certain State.

22. That at all times hereinafter mentioned, upon information and belief, the defendant, STEVENS TRANSPORT, INC., was the lessor of a certain trailer motor vehicle, bearing a certain License Plate #, for a certain State.

23. That at all times hereinafter mentioned, upon information and belief, an unknown person/company, was the titled owner of a certain trailer motor vehicle, bearing a certain License Plate #, for a certain State.

24. That at all times hereinafter mentioned, upon information and belief, an unknown person/company, was the registered owner of a certain trailer motor vehicle, bearing a certain License Plate #, for a certain State.

25. That at all times hereinafter mentioned, upon information and belief, an unknown person/company, was the lessee of a certain trailer motor vehicle, bearing a certain License Plate #, for a certain State.

26. That at all times hereinafter mentioned, upon information and belief, an unknown person/company, was the lessor of a certain trailer motor vehicle, bearing a certain License Plate #, for a certain State.

27. That at all times hereinafter mentioned, upon information

and belief, the aforementioned tractor motor vehicle and trailer motor vehicle were operated in tandem.

28. That at all times hereinafter mentioned, upon information and belief, the defendant, THERON ANTIONNE DAVIS SR., was the operator of the aforesaid tractor trailer motor vehicle.

29. That at all times hereinafter mentioned, upon information and belief, the defendant, THERON ANTIONNE DAVIS SR., operated the aforesaid tractor trailer motor vehicle with the express and/or implied permission, consent and knowledge of the defendant owner, STEVENS TRANSPORT, INC.

30. That at all times hereinafter mentioned, upon information and belief, the defendant, THERON ANTIONNE DAVIS SR., was an agent, servant, and/or employee of defendant, STEVENS TRANSPORT, INC.

31. That at all times hereinafter mentioned, upon information and belief, the defendant, THERON ANTIONNE DAVIS SR., operated the aforesaid tractor trailer motor vehicle with the express and/or implied permission, consent and knowledge of the defendant owner, STEVENS TRANSPORT, INC., while in the scope of his employment.

32. That at all times hereinafter mentioned, upon information and belief, the defendant, THERON ANTIONNE DAVIS SR., operated the aforesaid tractor trailer motor vehicle with the express and/or implied permission, consent and knowledge of an unknown person/company.

33. That at all times hereinafter mentioned, upon information and belief, the defendant, THERON ANTIONNE DAVIS SR., was an agent, servant, and/or employee of an unknown person/company.

34. That at all times hereinafter mentioned, upon information and belief, the defendant, THERON ANTIONNE DAVIS SR., operated the aforesaid tractor trailer motor vehicle with the express and/or implied permission, consent and knowledge of an unknown person/company, while in the scope of his employment.

35. That at all times hereinafter mentioned, upon information and belief, the defendant, THERON ANTIONNE DAVIS SR., was in the scope of his employment.

36. That at all times hereinafter mentioned, Old River Road, more specifically the parking lot of Walmart Distribution Center located at 8827 Old River Road, located in the Town of Marcy, County of Oneida, State of New York, was and still is a public highway and thoroughfare and was the situs of the incident herein.

37. That on or about the 4th day of April, 2020, this plaintiff was lawfully proceeding as a pedestrian on aforesaid parking lot.

38. That on or about the 4th day of April, 2020, the defendant, THERON ANTIONNE DAVIS SR., was operating the aforesaid motor vehicle owned by defendant, STEVENS TRANSPORT, INC., on aforesaid parking lot.

39. That on or about the 4th day of April, 2020, the defendants'

-7-

motor vehicle came into contact with this pedestrian plaintiff herein.

40. The incident and resulting injuries were caused by the negligent, wanton, reckless and careless acts of the defendants herein.

41. That the defendants, their agents, servants and/or employees, were negligent, wanton, reckless and careless in allowing, causing, and/or permitting their motor vehicle to come into contact with the pedestrian plaintiff herein; in failing to properly keep, control and maintain the motor vehicle so as to prevent the incident herein; in failing to keep the motor vehicle under proper control; in failing to operate the motor vehicle in a manner and at a speed that was reasonable and proper under the prevailing traffic and pedestrian conditions; in failing to properly operate the braking and acceleration devices of the motor vehicle under the circumstances of the roadway where the incident occurred; in failing to keep a proper lookout; in failing to stop and/or slow down; in operating the motor vehicle in such a manner that the defendant(s) knew, or should have known of the danger created to pedestrians in the area; in operating the motor vehicle in such a manner so as to create traffic conditions which were dangerous to pedestrians; in allowing and/or permitting the motor vehicle to be operated at an excessive rate of speed for conditions; in violating the rights of this pedestrian and the rules

of the road; in failing to use any warning devices; in acting with reckless disregard for the safety of others; in failing to keep alert and attentive; in failing to properly apply brakes; in failing to sound horn; in backing unsafely; in improperly backing up said vehicle; and the defendant, STEVENS TRANSPORT, INC., was further negligent in improperly hiring and continued employment of inept, incompetent and/or unskilled employees; in failing to properly train its agents, servants and/or employees; in failing to properly supervise its agents, servants and/or employees; and the defendants were in other ways negligent, wanton, reckless, and careless.

42. The limited liability provisions of C.P.L.R. 1601 do not apply pursuant to C.P.L.R. 1602(6) on the grounds that the defendants' liability is based upon their use, operation and ownership of a motor vehicle or motorcycle and C.P.L.R. 1602(7) on the grounds that defendant acted with reckless disregard for the safety of others including the plaintiff herein.

43. That by reason of the foregoing, this plaintiff was caused to sustain severe and serious personal injuries to her mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, this plaintiff was caused to expend and become obligated for diverse sums of money as a result of this incident; and this plaintiff further was caused to lose substantial periods of time

from her normal vocation and activities, and upon information and belief, may continue in that way into the future and suffer similar losses.

44. That this plaintiff sustained a serious injury, as defined in Subdivision (d) of Section 5102 of the Insurance Law of the State of New York and economic loss greater than basic economic loss, as defined in Subdivision (a) of Section 5102 of the Insurance Law of the State of New York.

45. That by reason of the foregoing, this plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction of this matter.

WHEREFORE, plaintiff demands judgment against the defendant(s) as follows:

(1) A sum which exceeds the jurisdictional limits of all lower courts which the jury would find to be fair, adequate and just in the First Cause of Action, together with the costs and disbursements of this Action.

>  Yours, etc.,
>  FINKELSTEIN & PARTNERS, LLP
>  Attorneys for Plaintiff(s)
>  Office & P.O. Address
>  1279 Route 300 P.O. Box 1111
>  Newburgh, New York 12551
>
>  BY: _____
>       VICTORIA LIGHTCAP, ESQ.

To: THERON ANTIONNE DAVIS SR.
    Defendant
    223 Harmon Ridge Lane
    Kernersville, North Carolina 27284

    STEVENS TRANSPORT, INC.
    Defendant
    9757 Military Parkway
    Dallas, TX 75227

STATE OF NEW YORK : COUNTY OF ONONDAGA        ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York State, and say that:

I am the attorney of record, or of counsel with the attorney(s) of record, for the plaintiff(s). I have read the annexed Verified Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Facts and information contained in deponent's file. The reason I make this affirmation instead of the plaintiff is because the plaintiff resides outside of county where deponent maintains his office.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: August 5, 2021.

                                            _____
                                            VICTORIA LIGHTCAP, ESQ.